IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CHRISTOPHER MATTHEW | § | CASE NO.  07-34178-H3-7 |
| MICHAEL COLBERT, | § | (CHAPTER 7) |
| DEBTOR | § | |
| | § | |

## Trustee's Motion to Sell Property Free and Clear of All Liens, Claims and Encumbrances and Request for Approval of Auction Process

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 20 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

This Motion seeks approval for a sale of certain assets of this estate and seeks approval for an auction process.  The auction will occur on the day of the hearing for this motion with an order of sale entered the same day.

### Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b).  Venue is proper pursuant to 28 U.S.C. §§1408 & 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) & (N).

**Background**

2. On June 25, 2007, the Debtor filed for protection under Chapter 7 of the United States Bankruptcy Code.

3. Rodney Tow was appointed Chapter 7 Trustee, qualified, and continues to act in that capacity.

4. The Debtor scheduled the following parcel of real estate on schedule A:

Lot 15, Block 3, Brentwood #5 Addition, City of College Station, County of Brazos, Texas more commonly known as 2301 Colgate Circle. (hereinafter the Colgate property).

5. The Debtor initially claimed a homestead exemption on the this property and the Trustee objected. An agreed order disallowing this exemption was signed by this court on October 10, 2007.

5. The Trustee has filed and this court has granted an Application to Employ Laura Patterson of Lone Star Realty as the real estate agent for the Estate.   Ms. Patterson has obtained offers on this property as described below.

6. Worlds Savings holds a mortgage against this property and is owed approximately $65,000.00.

7. The Chapter 7 case has only recently been noticed as an asset case so it cannot yet be determined how many unsecured claims will be filed in this case.

8. It is likely this sale will provide substantial funds to the estate which will be used to pay administrative expenses with a percentage to unsecured creditors.

**The Offers Received by the Trustee**

9. The Trustee received one bid for the property that was well below market value and therefore was rejected.

10. Currently the Trustee has the following pending bids:

    $108,000.00 from Mr. Gustavo Roman and Ms. Maria Roman;

    $105,000.00 from Mr. Stan Maliska;

7. The Roman and Maliska offers are both for cash and not dependent on third party financing.    Earnest money contracts are attached as exhibits A and B.

11. The property will be sold free and clear of all liens, claims, interests and encumbrances, pursuant to 11 U.S.C. §363(f).

**An Auction is Anticipated**.

12. Tow expects at least  two more competitive offers to be made for this property and expects that the auction may have several bidders.

13. *Tow reserves the right to alter the terms of the sale and/or the auction until the order approving the auction has been signed.  If you want to know about any changes you MUST attend the hearing to approve the auction process.  These changes may be made with no additional notice of the change.  If you are concerned about the terms of the sale or auction, you must appear at the hearing set by the Court for the approval of the auction process.  You will receive notice of a hearing but your notice of the hearing to approve the auction and the sale may be very short.  It is recommended that you prepare for the shortened notice of the hearing date.*

14. The conditions of the sale are summarized as follows:

   a. Unless agreed in writing by the Trustee, each bidder will enter into the same agreement to purchase asset, bid for the same asset, and the sale will be free and clear as allowed in 11 U.S.C. §363. Bidders and the Trustee may vary the terms of each agreement to purchase assets however, the changes will affect the Trustee's determination regarding the highest and best bid.

   b. The Trustee reserves the right to stop bidding for a break or to allow bidders to consult with their advisors or companies to determine a bid price. There is neither a limit on the number of times that the Trustee can stop bidding for these purposes nor is the Trustee required to stop bidding for these purposes.

   c. At closing, all funds will be paid to the Trustee pending distribution authorized by the Court.

   d. The Trustee is authorized to execute all required closing documents.

   e. The successful bidder will purchase the above listed estate assets.

   f. A 6% commission will be paid by the estate.

## Miscellaneous Provisions

15. Tow believes the sale is in the best interest of the estate because it is the fastest and easiest way to sell the real property and will provide the estate with the best recovery.

16. Information regarding the property can be obtained by contacting: Judy Torrance, counsel for Trustee, Rodney Tow, 26219 Oak Ridge Drive, The Woodlands, Texas 77380; (281)681-9100.

17. Objections and requests for hearing before the Bankruptcy Judge, if any, as to the above sale, shall be in writing and filed with the clerk of the Bankruptcy Court and served upon Tow. Any objections not timely filed and served may be deemed waived.

18. It is anticipated that other offers will be received. Therefore, Tow requests that an auction process be approved so that the assets can be sold on the same day of the hearing, at auction, if necessary.

## The Auction Process

19. Tow requests that the Court approve the following auction process:

    a. The property will be sold to the highest and best bidder as determined by Tow and approved by the Court.

    b. The Court recess the hearing on the motion to sell, authorize Tow to immediately conduct the auction, outside the courtroom, then reconvene the hearing for the purpose of completing and approving the sale to the highest bidder.

    c. Bidders must deliver to Tow earnest money in the form of a cashier's check in the amount of $500.00 prior to making their initial bid.

    d. This property will be sold where is and as is with all faults. Each bidder will be deemed to accept the property in that condition.

    e. Any subsequent bidder must bid a minimum of $113,000. before the Trustee will conduct an auction.

    f. Bidding will be in increments of $500.00 or more.

    g. Overbids may contain conditions acceptable to Tow.

h. Bidders must advise Tow in writing that they accept the terms and conditions of the auction process as set out in this motion, any motion filed by Tow to approve the auction process, and any requirements established by the Bankruptcy Court.

i. All bids will be binding until Tow has closed the sale of the Property. Tow will request the Court to prioritize the bids beginning with the highest and best bid and continuing down until each bid has been prioritized. Tow will request the Court to authorize him to close the sale with each bidder in the order of priority set out by the Court. In the event the highest and best bid fails to timely close, Tow will be authorized to close the sale with other bidders in the order of the priority set out by the Court. Tow will be authorized to extend the time for closing of any bid.

j. Any bidder that fails to close within five days after being notified by Tow that its bid is accepted shall forfeit its earnest money absent a written extension by Tow.

k. Any bidder whose bid is not accepted shall be entitled to a refund of its earnest money.

l. Bidders may not withdraw bids after the bidding process has begun.

m. Tow shall notify the Court and all other bidders if the highest and best bidder fails to close and that the next highest bid is accepted. The Closing Date shall be within five days from the date of filing the notification or as extended by Tow.

20. Tow requests that the bidders be determined to be in good faith as that term is used in 11 U.S.C. §363(m) so bidders may close within ten days from the entry of the order approving the sale.

Motion to Sell and Approve Auction Process
R:\Clients\C\Colbert-T\Sale of Colgate\Motion to Sell with Auction.wpd
Page 6

**WHEREFORE, PREMISES CONSIDERED**, Rodney Tow, Trustee, moves this Court to grant this Motion to Sell Property Free and Clear of All Liens, Claims and Encumbrances and Request for Approval of Auction Process, that the sale be free and clear of all liens, claims and encumbrances, and for such other and further relief that he may be justly entitled.

Respectfully submitted this 21st day of November, 2007.

**TOW & KOENIG, PLLC.**

By: */s/Judy Torrance*
Judy Torrance
SBA# 24028294
26219 Oak Ridge Drive
The Woodlands, Texas 77380
281/681-9100 (Telephone)
281/681-1441 (Telecopier)

Attorney for the Trustee

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the parties below and all of the parties on the attached service list via electronic or first class U.S. mail, proper postage affixed on this the 21st day of November, 2007.

Joe Gattis, PE '94
Brazos County A&M Club
PO Box 4
College Station, Texas 77841

Gustavo and Johanna Roman
13533 Alacia Ct.
College Station, Texas 77485

Stan Maliska
2310 East Villa Maria
Bryan, Texas 77802

Stephanie Finch
1907 Dartmouth #1014
College Station, Texas 77840

Jack Colbert
2850 CR 326
Rockdale, Texas 76567

Christopher Mathew Michael Colbert
12218 Jones Rd Ste D 153
Houston, TX 77070

Office of the US Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002

*/s/Judy Torrance*
Judy Torrance