**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **CHRISTOPHER MATTHEW** | § | |
| **MICHAEL COLBERT** | § | **CASE NO. 07-34178-H3-7** |
| | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 7** |
| | § | |

**APPLICATION TO EMPLOY THE ACCOUNTING FIRM OF**
**WILLIAM G. WEST, P.C., C.P.A. AS ACCOUNTANT FOR THE ESTATE;**
**AFFIDAVIT; ORDER; AND CERTIFICATE OF SERVICE THEREON**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The Application of Rodney D. Tow, the duly qualified and acting Trustee,

respectfully alleges:

1.      The Trustee has determined that it is necessary to have an Accountant in accordance

with § 327 of the U.S. Bankruptcy Code; and requests that this Application be allowed.

**Necessity of Accountant and Services Required**

2.      To perform his duties as Trustee, Applicant requires the services of an Accountant(s)

for the following purposes:

The Trustee, after reviewing all aspects of this Estate is of the opinion that an
Accountant will be necessary to provide the following:

a.      To prepare Federal and/or State Tax Returns as required.
b.      Reconstruct the books and records of the Debtor's to the extent necessary;
c.      Prepare a list of missing records needed to complete the analysis of the
        Debtor's financial operations and transactions;
d.      Perform tracing of funds in and out of the Debtor's bank accounts and
        account records;
e.      Prepare preference and fraudulent transfer analysis for the Trustee;
f.      Prepare an analysis of possible manipulations, falsification or alteration or
        destruction of accounting records and/or supporting documents.

3.      William G. West, P.C., C.P.A. at 12345 Jones Road, Suite 120, Houston, TX 77070;

telephone # (281) 807-7811, fax # (281) 807-7822, has received a copy of the U.S. Trustee's

Guidelines on Fee Applications for Professionals, has read and understands the same, and will follow such guidelines in all fee applications.

4.      The services, on behalf of the Chapter 7 Trustee for which compensation will be requested and expense will be sought will be requested pursuant to 11 U.S.C. §§ 330(a), 331, and 503(a) and  (b), and Rule 2014 and 2016, Fed. R. Bankr. P.

5.      In accordance with Rule 2016(b), the firm of William G. West, P. C., C.P.A. may be entitled to receive compensation only in accordance with this Court's order, and William G. West, P. C., C.P.A. has no arrangements with any other parties whatsoever to pay William G. West, P. C., C.P.A. for the services of William G. West, P. C., C.P.A. to the Estate, nor has William G. West, P. C., C.P.A. received any funds from any parties whatsoever for the services rendered to the Estate.  Further, William G. West, P. C., C.P.A. has not made any arrangement to share any compensation received by order of this Court with any party whatsoever, nor does William G. West, P. C., C.P.A. have any arrangements for sharing of any compensation awarded except as between members and/or regular associates of William G. West, P. C., C.P.A.

6.      The professionals and paraprofessionals requesting fees and the ordinary hourly rate charged by each are as follows:

|  | Rate | Year |
|---|---|---|
| William G. West (Owner) | $ 200.00 | 2006-2007 |
| William G. West (Owner) | $ 215.00 | 2008-Present |
| W. Kyle Johnson | $ 150.00 | 2005-2007 |
| W. Kyle Johnson | $ 165.00 | 2008-Present |
| Heather A. Childers | $ 150.00 | 2007-Present |
| Paraprofessionals | $  75.00 | 2003-Present |

Experience of the professionals requesting fees are as follows:

a.  **William G. West, CPA** is the owner of the firm of William G. West, P.C., C.P.A. He has been licensed for over twenty-five (25) years, representing Trustees as a CPA for over fifteen (15) years, has practiced with National and Local CPA firms for over three (3) years and was formerly the regular Chapter 7 Bankruptcy Trustee for the McAllen and Brownsville Divisions of the Southern District of Texas and is currently a Chapter 7 Trustee in the Houston Division. Mr. West's hourly rate is $215.00 per hour as of January 1, 2008.

b. **W. Kyle Johnson** is an associate in the firm. He is an accounting major graduate of the University of Texas – Austin. He has been practicing accounting for approximately eight years. He has worked at national and regional public accounting firms.  Mr. Johnson's hourly rate has been $165.00 per hour since January1, 2008.

c. **Heather A. Childers, CPA** is an associate in the firm. She is a business administration graduate from Rice University. She has been practicing accounting for approximately eighteen (18) years. She has worked in public accounting and private industry during that time. Ms. Childers' hourly rate is $150.00 per hour.

d. **Paraprofessionals/paralegals** are billed at the hourly rates from $35.00 to $75.00, depending upon experience.  Courts will approve the payment of paraprofessional fees that go beyond mere clerical work. In re: Orthopedic Technology Inc., 97 B.R. 596 (Bankr. D. Colo. 1989).

The ordinary rates charged in this case are the same as the firm charges to its non-bankruptcy clients.  On occasion the Applicant will hire additional staff on a contract basis.

7.    To the best of my knowledge, information and belief, William G. West, P. C., C.P.A., members and associates, are a disinterested person within the meaning of 11 U.S.C. §101(14) and is eligible to serve as Accountants for the estate and the Trustee pursuant to the provisions of 11 U.S.C. § 327(a).  William G. West, P. C., C.P.A. represents no interest adverse to the Trustee or the Estate in the matters upon which this firm is to be engaged by Trustee, and this firm has no connections with the Debtor(s), any creditors, any other parties in interest, or their respective attorneys and accountants.  In addition, William G. West, P. C., C.P.A. and its members have no connections with the United States Bankruptcy Court for the Southern District of Texas, or United States Trustee or their employees other than in their official capacity. The Applicant is a Chapter 7 Trustee in the Southern District of Texas although he is not the Trustee in this case. The Applicant also represents the Trustee in other cases.

8.    The effective date of employment is the date of the filing of the Application Authorizing Employment of Accountant.  Thereafter, the services performed by Applicant for the period beginning on the date of the filing under this Application are deemed contemporaneous as they were performed within thirty (30) days of the filing. (See Local Rule 2014 (b)(1))

9.      The Court has the power to authorize said employment pursuant to 11 U.S.C. Section 327(d) which reads as follows:

>   "The Court may authorize the Trustee to act as attorney or accountant for the Estate if such authorization is in the best interest of the estate"

10.     Applicant, and other members and associates of William G. West, P. C., C.P.A. are accountants duly licensed to practice and have a particular expertise with regard to bankruptcy litigation support, forensic accounting, debtor workouts, corporate reorganization and debtor/creditor matters in cases under the Bankruptcy Code.

11.     The firm of William G. West, P. C., C.P.A. bills expenses as follows:

a.      Photocopying:  $0.20 is charged for each copy made.  Applicant respectfully makes reference as to photocopying charges to the fact its $0.20 per page rate is less than the fee schedule adopted by the Judicial conference of the United States pursuant to 28 U.S.C. § 1930(b) for the offices for the Clerks of the Bankruptcy and District Courts throughout the United States, and less than the amounts allowed by the U.S. Trustee on Trustee's Final Reports. Applicant's charge is equal to or below that charged by other accounting firms, including firms practicing before this Court, and covers overhead including costs of paper, wear and tear on the copy machine, and the use of electricity.

b.      Postage:  The U.S. Postal Service is utilized for all mailings, except those requiring special attention.

c.      Parking:  Reimbursement is sought only for charges billed by the facility.

d.      Facsimile:  $0.20 is charged for each faxed page received.

e.      Long Distance Telephone Charges:  Reimbursement is sought only for the charges as billed by U.S. Long Distance Service.

f.      Mileage:  Reimbursement is sought based on the I.R.S. mileage rate.

g.      Messenger:  If a messenger service is necessary, a firm with competitive market prices will be used.

h.      Computer Research:  If computer research is necessary, reimbursement is sought only for the charges billed by the computer research provider.

i.      Airfare:  Reimbursement is sought only for the charges as billed by the airline.

Expenses incurred in the ordinary course of business are fully documented by the

books and records of William G. West, P. C., C.P.A. and in fee application(s).  All such expenses incurred shall be for the benefit of the Trustee and the Estate.

WHEREFORE PREMISES CONSIDERED, Applicant prays that William G. West, P. C., C.P.A. and/or the Accounting firm of William G. West, P. C., C.P.A., be authorized to act as Accountant for the Estate with compensation for such accounting services to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow.

DATED this the   21st   day of May , 2008.

Respectfully Submitted,

*/s/Rodney D. Tow*
Rodney D. Tow, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Application to Employ Accountant has been served upon the United States Trustee, on this  21st   day of  May, 2008.

*/s/ William G. West*
William G. West, C.P.A.